#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

### A. D. 1837.

---

## DAVIS *vs.* BROCKLEBANK.

Where a tenant, holding for an uncertain time, sows the land, he is entitled to the crop.

Where a party agreed with the owner of land, by parol, to clear the land, and sow it, for which he was to have the crop; and the owner afterwards conveyed the land, before the crop was harvested, giving notice of the contract to the grantee,—*held*, that the grantee was bound by the agreement, and that an entry, to take the crop, by the party who sowed the land, was justifiable.

TRESPASS, for breaking and entering the plaintiff's close, in Sutton, and cutting and carrying away his rye, there standing and growing.

The cause was tried upon the general issue, with a brief statement of the facts upon which the defendant relied as an answer to this action.

It appeared that sometime in the year 1834, James Brocklebank, and James Brocklebank, Jr., being the owners of the *locus in quo*, agreed with the defendant, Theodore Brocklebank, that he should clear the land, sow it with rye, and have the crop; and under the agreement he did clear and sow the land.

Previous to the 23d January, 1835, conversation was had with the said owners of the close, and the plaintiff, in which said owners offered to sell the land to the plaintiff, telling him that the defendant had sown the land, and was to have the first crop, and to this the plaintiff made no objection.

On the 23d January, 1835, they, by deed of warranty, conveyed the land to the plaintiff, without any reservation whatever.

On the 30th July, 1835, the defendant entered, and cut and carried away the rye.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon the foregoing case.

*S. Butterfield*, for the plaintiff.

*H. B. Chase*, for the defendant.

RICHARDSON, C. J.   Leases by parol, and not in writing, are to have the force and effect of leases at will.   1 *N. H. Laws*, 535.

A lease at will is a lease at the will of both parties, and is to have a reasonable termination.   And the rule is, when a tenant holding for an uncertain time, sows the land, he is entitled to the crop as emblements.   5 *Barn. & Adol.* 105, *Graves* vs. *Weld ; Littleton, cap.* 8, *sec.* 68 ; *Co. Littleton* 55, *a & b ; Woodfall L. & T.* 237 ; 2 *Pick.* 7, *Ellis* vs. *Paige.*

As the plaintiff had notice, he is bound by the parol agreement.   The defendant had a right to the rye, and the verdict must be set aside.

*New trial granted.*